UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COREY L. PRESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:05-CV-420-TS |
| | ) |
| CRAIG WISE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Corey L. Preston, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. He has also submitted an amendment to add additional defendants pursuant to Federal Rule of Civil Procedure 15(a). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
>   In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

Preston alleges that his fourteen year old daughter was in the car with him during a controlled buy and also when he was arrested for selling cocaine. Upon arrest, both of them were taken into custody. He alleges that at his daughter's fact finding hearing, a police officer displayed a photograph of a $20 bill used in the controlled buy and testified that it was found on her. Preston alleges that his daughter was strip searched and interrogated without parental consent after she was taken into custody.[1]

> In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court identified the framework in which searches of pretrial detainees in custody are to be analyzed. In that case, the plaintiffs challenged the detention facility's policy of conducting strip searches, including visual inspection of the inmates' body cavities, following every contact visit with a person from outside of the facility. While acknowledging that "this practice instinctively gives us the most pause," the Court held that such searches were reasonable given the circumstances, and thus did not violate the Fourth Amendment. In so holding, the Court noted that balancing the "significant and legitimate security interests of the institution against the privacy interests of the inmates" led to the conclusion that such searches were fully consistent with the Constitution, even when based on less than probable cause. The Court then outlined a general test for reasonableness:
>> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case, it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Stanley v. Henson*, 337 F.3d 961, 964 (7th Cir. 2003) (citations omitted).

---

[1] The Court notes that a plaintiff ordinarily does not have standing to assert violations of the constitutional rights of a third party. However, under Federal Rule of Civil Procedure 17(c), a representative, such as a general guardian, may sue on behalf of an infant. An infant who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. Because the Complaint does not state a claim upon which relief may be granted, the Court offers no opinion as to the Plaintiff's ability to bring suit on behalf of his minor daughter.

Preston attempts to undermine the legitimacy of the strip search by noting that no drugs were found on his daughter and by questioning whether she was seen passing him drugs. He also wonders why money from the controlled buy was not introduced at her hearing. But none of those possible variations change the basic underlying facts which make this search reasonable under the Fourth Amendment.

> Given that Brack was a suspect in a drug investigation, . . . Officer McMahon instructed Brack to undress and turn around.
> It is well established that officials have a legitimate and substantial need to prevent arrestees from bringing weapons or contraband into a detention facility. Since it was entirely reasonable for McMahon to suspect that Brack was carrying contraband in a body cavity, there was a clear need for the search.

*United States v. Brack*, 188 F.3d 748, 758 (7th Cir. 1999) (ellipsis, brackets, quotation marks, and citation omitted).

Preston's daughter was in the car during the controlled buy and she possessed money from the controlled buy. Therefore, it was reasonable to believe that she might be involved in criminal activity and that she might be carrying contraband. It was also appropriate to take her into custody and to conduct the strip search in the police station. Teenagers, boys and increasingly girls, are all too commonly involved in both drug and violent crimes. And while the thought of one's child being strip searched is certainly disquieting to every parent, minors are not legally exempted from such searches, even at school by school officials for less than probable cause. *See Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir. 1993). On the basis of facts alleged by Preston, the police did not violate either his or his daughter's Constitutional rights when they subjected her to a strip search while she was held at the police station.

Nor did the police commit an actionable wrong by interrogating Preston's daughter without parental consent. Lack of parental consent before police questioning is analogous to police interrogation without proper *Miranda* warnings.

> The Constitution and laws of the United States do not guarantee plaintiff the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act § 1983.

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) (brackets and citation omitted). So too, questioning a child without parental consent may result in the exclusion of any evidence so obtained, but the questioner is not subjected to civil monetary damages.

As a result, this case is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 8, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT